UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEFFREY BISHOP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:20-CV-087-DCLC-DCP |
| v. ) | |
| ) | |
| ANDERSON COUNTY JAIL, ) | |
| RIDGEVIEW, JAMES LANDRY, and ) | |
| CORPORAL Z. ALLEN, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM & ORDER**

Plaintiff, an inmate in the Anderson County Detention Facility, has filed a motion for leave to proceed *in forma pauperis* [Doc. 2] and a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1] in which he alleges that he has been denied mental health medications [*Id.* at 3–4]. The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* before screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA").

**I.    FILING FEE**

First, it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**.

Because Plaintiff is an inmate in the Anderson County Jail, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts

liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A successful claim under § 1983 requires a plaintiff to establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Polk County v. Dodson*, 454 U.S. 312, 315 (1981).

### B. Complaint Allegations

Plaintiff requested a mental health medication on October 8, 2019, and January 30, 2019, but an unnamed individual told him that the jail does not have to provide it and that Defendant Ridgeview must see him [Doc. 1 p. 3–4]. However, Defendant James Landry, a criminal justice case manager at Defendant Ridgeview, saw Plaintiff in December 2019 and stated that he could not provide Plaintiff with assistance in getting this medication because Plaintiff is a "state inmate," but that he would see what he could do [*Id.* at 3–4]. On February 9, 2020, Plaintiff filed a grievance with Defendant Corporal Allen regarding the denial of this medication and asking to be sent to a state prison so that he can get the help he needs, but did not receive a timely response [*Id.*]. As relief, Plaintiff seeks to hold "Anderson County Jail [] accountable for holding state inmates but not helping with their mental health needs" and monetary damages [*Id.* at 5].

### C. Analysis

First, as to Defendant Corporal Allen, Plaintiff alleges only that he filed a grievance with this Defendant and he has not received a response. However, Plaintiff has "no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003). Moreover, a prison official can only be held liable for his own unconstitutional conduct. *Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010). Accordingly, a jail official may not be liable under § 1983 based on "simple awareness of [] misconduct." *Leary v.*

*Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003). Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant Corporal Allen and he will be **DISMISSED**.

Next, the Anderson County Jail is not a suable entity under § 1983. *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"). Accordingly, Defendant Anderson County Jail will be **DISMISSED**.

However, the complaint allows the Court to plausibly infer that Anderson County relies on Defendant Ridgeway to provide mental health services to inmates in its jail, that Anderson County and/or Defendant Ridgeview have a policy of not providing mental health care for state inmates in the custody of Anderson County, and that Defendant Landry denied Plaintiff's request for mental health medication pursuant to this policy. Accordingly, the Clerk will be **DIRECTED** to substitute Anderson County as a Defendant herein in the place of Anderson County Jail and Plaintiff's claim that he has been denied mental health medication will proceed against Anderson County, Defendant Ridgeway, and Defendant Landry.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Because Plaintiff is an inmate in the Anderson County Jail, he is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to provide a copy to the Court's financial deputy;

5. Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to Defendants Corporal Allen and Anderson County Jail and they are therefore **DISMISSED**;

6. The Clerk is **DIRECTED** to substitute Anderson County as a Defendant herein in the place of the Anderson County Jail;

7. Plaintiff's claim that he has been denied mental health medication will proceed against Defendants Anderson County, Ridgeview, and Landry;

8. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Anderson County, Ridgeview, and Landry;

9. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

10. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

11. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date on which they are served;

12. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default; and

13. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**E N T E R:**

s/Clifton L. Corker<br>
United States District Judge